IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLOTTE A. MONTERROZA,

        Plaintiff,

                            Civil Action 2:16-cv-1113
   v.                        Judge Algenon L. Marbley
                            Magistrate Judge Jolson

BELLETECH CORP.,

        Defendant.

**OPINION AND ORDER**

        This matter is before the Court on Plaintiff Charlotte A. Monterroza's Motion to Permit Discovery. (Doc. 17). For the foregoing reasons, the Motion is **DENIED**.

    **I.**    **Background**

        In her Complaint, Plaintiff asserts claims for benefits under the Belletech Corp. Short Term Disability Plan (the "Short-Term Disability Plan") issued by Reliance Standard Life Insurance Company to Belletech, and the Belletech Corp. Group Long Term Disability Insurance Program (the "Long-Term Disability Plan") issued by Defendant Reliance Standard Life Insurance Company (collectively the "Plans"). (Doc. 2). Because the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.*, as amended ("ERISA") governs the Plans, Defendant removed this action to federal court. (Doc. 1 (relying on 29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)).

        On January 18, 2017, the Court held a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. Despite having previously agreed that discovery was not applicable in this matter (Doc. 12 at 3), during the conference, Plaintiff's counsel expressed his desire to engage in discovery. The Court consequently continued the conference. (Doc. 14). During the

next conference, Plaintiff's counsel confirmed that he intended to file a motion to permit discovery, and the Court expedited briefing on any such motion. (Doc. 16). Plaintiff timely filed his Motion to Permit Discovery (Doc. 17), and Defendant responded (Doc. 19). Plaintiff did not file a reply, and the Motion is now ripe for consideration.

## II.     Standard

In ERISA actions, discovery beyond the administrative record typically is not permitted. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (Gilman, J., concurring). "This rule serves 'a primary goal of ERISA . . . to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously,' *Perry v. Simplicity Eng'g. Div. of Lukens Gen. Indus.*, 900 F.2d 963, 967 (6th Cir. 1990), 'and any routine consideration of evidence outside that presented to plan administrators would undermine Congress's intent.'" *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-cv-00507, 2015 U.S. Dist. LEXIS 158313 at *3 (W.D. Ky. Nov. 24, 2015) (quoting *Thornton v. W. & S. Life Ins. Co. Flexible Benefits Plan*, No. 3:08CV-00648, 2010 U.S. Dist. LEXIS 7221, *1 (W.D. Ky. Jan. 28, 2010)). An exception is made, however, when evidence outside the record is offered to allege "a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *See Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619 (Gilman, J., concurring)). In 2008, the Supreme Court held that "when a plan administrator both evaluates claims for benefits and pays benefits claims," there is a *per se* conflict of interest. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008).

In *Glenn*'s aftermath, however, the Supreme Court and the Sixth Circuit have provided little guidance on what a claimant must allege to open the discovery doors where there is a *per se*

conflict, and district courts within the Sixth Circuit have split.  Some have found that the mere presence of an administer/payor conflict is sufficient to allow discovery.  *See, e.g.*, *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 510 (W.D. Ky. 2010).  Others have set the bar higher, requiring a claimant to make a sufficient factual showing of bias before expanding discovery beyond the administrative record.  *See, e.g.*, *Donovan v. Hartford Life & Acc. Ins. Co.*, No. 1:10-2627-PAG, 2011 U.S. Dist. LEXIS 38476, at *2 (N.D. Ohio Apr. 8, 2011).  Here, however, this Court does not need to pick a side because the Court concludes that under either approach, Plaintiff is not entitled to the discovery she seeks.

### III. Discussion

The Court initially notes that there is no dispute that Defendant Belletech, the only remaining defendant in this case, was the administrator and payor of the Short-Term Disability Plan.  (*See* Doc. 18 at 2).  Defendant Belletech notes, however, that Reliance Life Insurance Company is the payor of the Long-Term Disability Plan.  (*Id.* at 2 n.3).  Plaintiff voluntarily dismissed Defendant Reliance Life Insurance Company from this action.  (Doc. 10). Consequently, the Court interprets Plaintiff's Motion as applying only to discovery related to the Short-Term Disability Plan.

The Court denies Plaintiff's Motion for three primary reasons.  First, Plaintiff's conflict allegations are not the kind that concerned the Supreme Court in *Glenn*.  In the Complaint, Plaintiff makes no allegations of bias or procedural defect.  Instead, for the first time in her Motion to Permit Discovery, she relies on communications between Teresa Cummins, Defendant Belletech's Human Resources Director, and the Ohio Bureau of Worker's Compensation ("BWC") to allege that "Belletech has a conflict of interest and bias in that they waited until the BWC claim was denied to also deny short term disability benefits claiming that the BWC claim

was valid." (Doc. 17 at 3). The Court thus interprets Plaintiff's conflict complaint as one between the administrator and a state agency—not an inherent administrator/payor conflict.

Second, the discovery Plaintiff seeks would not illuminate whether an inherent administrator/payor conflict impacted the decision in this case. Courts that have allowed discovery on an inherent conflict of interest have limited and focused the discovery to the following types of information:

> • incentive, bonus or reward programs or systems formal or informal for any employees involved in any meaningful way in reviewing disability claims
>
> • contractual connections between [plan administrator/payor] . . . and the reviewers utilized in Plaintiff's claim . . . and financial payments paid annually to the [r]eviewers from the [administrator/payor]
>
> • statistical data regarding the number of claims files sent to the [r]eviewers and the number of denials which resulted
>
> • number of times the [r]eviewers found claimants able to work in at least a sedentary occupation or found that claimants were not disabled
>
> • documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate Plaintiff's claims)

*Bird v. GTX, Inc.*, No. 08-2852, 2009 U.S. Dist. LEXIS 106301, 2009 WL 3839478 at *3 (W.D. Tenn. Nov. 13, 2009) (citations and quotation marks omitted). Inquiries about a reviewer's qualifications, however, are impermissible. *Id.* (holding that improper areas of inquiry include: personnel files, performance reviews and pay records of insurers' employees, and information regarding training and qualifications of reviewers). In this matter, Plaintiff seeks to depose Ms. Cummins—the person who allegedly had the conversations with BWC. The Court finds that such a deposition would not be within the scope of permissible inquiry regarding an inherent conflict of interest.

Third, *Glenn* leaves the door open to discover how an inherent conflict influenced discretionary review. Here, however, Defendant argues that "[t]here simply was not room for bias to come into play in evaluating Plaintiff's claim for benefits." (Doc. 18 at 3). Under "Exclusions," the Plans provide that benefits are not paid for any period of disability caused by "injury which occurs out of or in the course of work for wage or profit." (Doc. 15 at 10, 22). When Plaintiff applied for benefits, she marked "yes" in response to the question, "Did the injury occur at work?" (*Id.* at 61). Moreover, in her Complaint, Plaintiff alleges she sustained an injury "in the course of and arising out of her employment[.]" (Doc. 2 at 1). At this juncture, the undersigned agrees with Defendant on this point. The District Court Judge of course will decide the merits of this case, but it currently appears that this case is not one where bias could have played a role.

In sum, *Glenn* left it to district courts to determine when discovery is appropriate in ERISA cases. *See Johnson*, 324 F. App'x at 467 ("District courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*."). Considering the foregoing, the undersigned concludes that opening the doors to discovery here is not appropriate.

IV.  **Conclusion**

For the foregoing reasons, Plaintiff's Motion to Permit Discovery (Doc. 17) is **DENIED**. The parties are **DIRECTED** to meet and confer and submit a proposed case management order within seven days of this Order.

**Motion for Reconsideration**

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A); Fed.

5

R. Civ. P. 72(a); Eastern Division Order No. 91-3.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.  This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

    IT IS SO ORDERED.


Date:  March 6, 2017                      /s/ Kimberly A. Jolson
                                                      Kimberly A. Jolson
                                                      United States Magistrate Judge